IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| BURNEY ROBINSON, | Case No. 3:23-cv-00316 |
| Plaintiff, | District Judge Michael J. Newman |
| vs. | Magistrate Judge Caroline H. Gentry |
| Q-LINE TRUCKING, LTD., *et. al.*, | |
| Defendants. | |

# ORDER

This personal-injury action arose from an automobile collision that occurred on July 5, 2021. (Complaint, Doc. No. 1.) Although the accident occurred in Preble County, Ohio, Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois. Plaintiff asserted that venue was proper in that court "because Plaintiff resides in [that] district, all medical treatment took place in [that] district, and Defendants are not residents of the United States and may be sued in any judicial district." (*Id*. at PageID 2.)

On October 9, 2023, however, Plaintiff requested that this lawsuit be transferred to the Southern District of Ohio because the Northern District of Illinois might lack personal jurisdiction over Defendant Q-Line Trucking, Ltd. ("Q-Line"). (Motion to Transfer Venue, Doc. No. 12.) Judge Steven C. Seeger determined that venue was proper in the Southern District of Ohio, granted the Motion to Transfer Venue, and transferred this case to this Court pursuant to 28 U.S.C. § 1404. (Doc. No. 14.)

1

This matter is now before the Court on a Motion to Transfer Venue filed by Defendant Q-Line (Doc. No. 25). Q-Line requests that this Court transfer this case *back* to the Northern District of Illinois on the ground that "[t]he particular procedure used by the Northern District of Illinois violated [Defendant]'s procedural due process rights." (*Id*. at PageID 25.) Specifically, Q-Line challenges the *timing* of the order of transfer (Doc. No. 14) and argues that because Judge Seeger issued that order before Q-Line's counsel entered an appearance in the case, Q-Line was deprived of its right to be heard on the merits of the transfer. (Doc. No. 25, PageID 27-28.)

As Q-Line concedes, this Court lacks jurisdiction to review a ruling of the United States District Court for the Northern District of Illinois. (Doc. No. 25, PageID 28.) The Court recognizes, however, that the Northern District of Illinois also lacks jurisdiction to review *its own* ruling. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516-17 (10th Cir. 1991) ("Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer.") (cited with approval by *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009)). Thus Q-Line is correct that, if it was prejudiced by the order of transfer, "[t]he appropriate remedy is to transfer this case back to the Northern District of Illinois." (*Id*. at PageID 28 (citing to *Starnes v. McGuire*, 512 F.2d 918 (D.C. Cir. 1974) (cited with approval by *Miller*, 554 F.3d at 655)).)

However, the Court can order such a transfer only if this action "might have been brought" in the Northern District of Illinois originally or if "all parties have consented" to venue in that district. *See* 28 U.S.C. § 1404(a). An action "might have been brought" in a

2

district only if "the defendant legally could . . . have been subjected to suit there at the time when the case was originally filed." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 22 (1960) (citing to *Hoffman v. Blaski*, 363 U.S. 335 (1960)) (superseded by statute on other grounds as stated in *Stevens v. Ford Motor Co.*, 2020 WL 12573278 (S.D. Tex 2020)).

Here, no facts before the Court support a conclusion that Q-Line could have been subject to suit in the Northern District of Illinois. To the contrary, Q-Line has argued that the Northern District of Illinois "lacks personal jurisdiction over both defendants" **and has sought to dismiss this case on that ground**. (Motion to Dismiss, Doc. No. 17.) It is therefore clear that the Northern District of Illinois is not a forum in which this action "might have been brought" under 28 U.S.C. § 1404(a).

Nor have all parties consented to a transfer to the Northern District of Illinois. It is true that Plaintiff has not opposed Q-Line's motion and has therefore arguably consented. *See, e.g.*, *Tri-Pharma, Inc. v. Safe Harvest Med., LLC*, No. 8:20-cv-3083, 2022 WL 2805627, at *2 (M.D. Fla. July 18, 2022) (finding that all parties consented to transfer where defendant failed to file a response in opposition); *Innova Sols., Inc. v. Baran*, No. 2:18-cv-7901, 2019 WL 1532854, at *2 (C.D. Cal. April 9, 2019) (finding that all parties consented to transfer where plaintiff failed to file a response in opposition). But because the record contains no indication that Defendant Faul has been served, he cannot consent – tacitly or otherwise – to the Motion to Transfer. *See, e.g.*, *Shorter v. United States*, No. 4:19-cv-143, 2019 WL 3805788, at *3 (N.D. Fla. July 17, 2019) ("Because Defendants had not been properly served, Defendants could not have consented to have this matter

3

transferred . . . "); *Aguilar v. Colo. Dep't of Corr.*, No. 16-cv-2414, 2016 WL 5920935, at *2 (D. Col. Oct. 11, 2016) (denying motion to transfer venue because "the defendants have not yet been served in this action and have not consented to transfer venue to another district"). Accordingly, the Court also cannot transfer this action under 28 U.S.C. § 1404(a) on the basis of unanimous consent.

Moreover, even if this Court were empowered to transfer this case, such a transfer would not be "in the interest of justice." 28 U.S.C. § 1404(a). Notwithstanding Q-Line's argument that it was unfairly deprived of its right to be heard, its Motion to Dismiss (which it filed in the Northern District of Illinois before the case was actually transferred) plainly reveals that Q-Line intends to seek the dismissal of this case based upon a lack of personal jurisdiction in the Northern District of Illinois. In other words, Q-Line wishes to transfer this case to a venue that lacks jurisdiction over it, precisely so it can promptly seek dismissal on that ground. Such gamesmanship has no place in this Court.

Accordingly, the Court finds that Q-Line's Motion to Transfer Venue (Doc. No. 25) is not well-taken and **DENIES** that motion.

  **IT IS SO ORDERED**.

              */s/ Caroline H. Gentry*
              Caroline H. Gentry
              United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).